Good morning again, your honors. Kenora Chalabyan is my client. She's also present in court today. And I noticed the government counsel submitted a motion to remand very late in this matter. And I would agree with what the government has said in the motion to remand. But in addition to that, I would also state that I do believe there's also a viable claim for asylum here as well. Once the BIA overturns the credibility determination, we can look at it. I believe government has waived the one-year issue that was not addressed in the respondent's brief. It was also not addressed by the Board of Immigration Appeals. Therefore, I believe that that argument is waived and that there is a viable claim for asylum in this matter. It's important to note this is a pre-Real ID Act case. Therefore, it's under the older, more lenient rules for credibility analysis, your honors. Well, credibility is no longer an issue here, correct? Yes. Yeah, credibility is not an issue. The board made it clear that they disagreed with the IJ's adverse credibility. Yeah, they used the word inadequate to describe the IJ's credibility analysis. And therefore, if you look at this, respondent has established past persecution. Respondent lived in Georgia, but she's not Georgian. She's Armenian. The confusion arose in the BIA decision when respondent was conducting, she was a poll worker for the Armenian elections, but in Georgia. Very similar to they have Armenian election polls here in Los Angeles where the expatriates go and vote. So petitioner was on that issue. And then the BIA got all confused and thought she was from Georgia, analyzed the claim like she could not return to Georgia. In reality, she cannot return to Armenia. And as such, I believe that, I believe there's a political opinion and ethnicity in this matter. Respondent was working at a poll when the abuse occurred. The country reports back this up about abuse of minority political parties or opposition political parties, I should say, in Armenia. It's all in the record. She was threatened and physically harmed by the police. So let's assume for a moment. Again, I need to just I'd just like to make sure I understand. So we don't need to assume, but she's credible. Why the board's opinion on let's assume there's the on account of prong for political political involvement. Let's just go with that for a moment. What are you asking us to do? Yes, your honor. I would say we should remand for for what? Under the presumption response, credible. And there to see if the IJ can exercise his or her discretion in granting the asylum case. Also to see if the government can rebut the well-founded fear of future persecution. OK. Matt is there. Yes. Thank you. Morning, your honors. Did you come on behalf of the respondent attorney general of the United States? I stayed in motion for remand. The attorney general submitted late last week. Physician of the government is a remand would be appropriate in this case to allow the board to reconsider its decision. The fact that what does the board want to reconsider? Well, as noted in the motion, the board did state that petitioner is from Georgia. Fears returning to Georgia. She is, in fact, from Armenia. Also, the board did state that it agrees with the immigration judge that the harm petitioner suffered in Georgia. Armenia did not rise to the level of persecution. And she failed to meet her burden to establish a reasonable basis for her fear of future persecution. As noted in the motion for remand, the question of whether a petitioner's fear of future persecution is objectively, excuse me, objectively reasonable is part of the well-founded fear analysis, which is part of the asylum analysis. Now, in this case, the immigration judge denied her application for asylum because he found that she failed to demonstrate that she timely filed for asylum. In other words, the board could not be agreeing with the immigration judge on a ground that he did not find, as such, the government's position is that remand is appropriate in this case. Based on the... Let me back up a minute here, counsel. Is the government still asserting that her filing is not timely? The government's position is that remand is appropriate in this case, and as noted, the board... That's not my question. Is the government still asserting that the asylum claim is not timely? In this case, the immigration judge found that the application was not timely, and the board did not address that in its decision. Upon remand, the board would have the opportunity to consider the decision of the immigration judge in that respect and to analyze that, which it did not do in its decision. Well, why... Should we give them a second bite at the apple? Yes, according to INS versus Ventura, the statute places the determination of asylum eligibility in the hands of the agency, and so remand is appropriate in this case because that determination is best made by the agency and... But they didn't make it, so we assume that she's correct. Does that look right? The board did not address the one-year issue, but the board should be given the opportunity to do so. The board really goofed up here, didn't they? This is an imperfect decision, Your Honor. Now, the house that got burned down was in Armenia, is that right? That is correct. Okay. I'm happy to address further questions about the motion for remand, but the government's position is... She was threatened that they were going to burn her other house down. She was scared, moved to her brother's, I guess, so then they burned that down. Would that constitute persecution? Your Honor, the board... If the board says it's persecution, then it's persecution. What do you think? My personal opinion is irrelevant to this discussion. What do you think the case law says? Well, Your Honor, in this case, I'm sorry, but I have to reiterate that the government's position is that remand is most appropriate and I prefer not to discuss the matter with you. Let me ask you a question. We got your motion on Friday morning, or was it Thursday morning? I can't remember. Thursday afternoon. Thursday afternoon. Now, that's just three and a half days before argument, and it took the government all this time to think that, well, maybe a remand might be necessary? Somebody did a red brief back in 2006, and it took four years to decide that the case warranted a remand? Well, there were four years between briefing and placement on oral argument. No, I know, but somebody wrote this brief, right? Somebody realized the problem. That's correct. And they waited four years to bring it to our attention? Three days before oral argument? The government did have that BIA decision in front of us when it wrote the red brief. Your Honors, our office reviews these cases at several different stages. I was brought onto the case recently, and the government's position at the current moment is that a remand is appropriate. I'm sorry for the delay. That's all I can say. It saved everybody a lot of time. Yeah, we're not happy with the government. I guess you could gather that. I understand. Any further questions? Anything else? I submit there are no further questions. Do you think that the BIA ruled on the asylum claim? The Board did rule on the merits of the asylum withholding and CAT claims. So we can look at that to see whether there was clear error. This Honorable Court could look at this decision. However, the government's position is that remand is appropriate given naming her country as Georgia rather than Armenia and affirming a portion of the IJ's decision, which wasn't actually. Well, I mean, we don't have to grant your motion, correct? That's correct. We don't have to. We don't have to grant it. It's kind of late in the game. We can just review the petition. That is correct. It's with this Honorable Court's discretion to do so. Thank you very much. There's an old saying, don't shoot without fire. Okay. Well, Your Honor, I think it has been all said, and I will submit to the Court. Thank you very much. Thank you, Counsel.
judges: Walter, Fletcher B. , Paez